# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH MAURY, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-CV-1492 (PCD) |
| | : | |
| V. | : | |
| | : | |
| COMPUTER SCIENCES CORPORATION, | : | |
| Defendant. | : | NOVEMBER 21, 2005 |

_____

## DEFENDANT'S PROPOSED JOINT TRIAL MEMORANDUM

Pursuant to this Court's order, the defendant, Computer Sciences Corporation ("CSC"), respectfully submits this proposed Joint Trial Memorandum.  The undersigned has spoken with plaintiff's counsel, Craig Dickinson, who indicated that, due to computer-related problems, he has been unable to complete the Joint Trial Memorandum as of the present date.  Defendant therefore submits this proposed Joint Trial Memorandum in compliance with the deadlines established by the Court.  Based on conversations with plaintiff's counsel, the undersigned anticipates that the parties will submit a complete Joint Trial Memorandum, signed by counsel for both parties, on or before Wednesday, November 23, 2005.

1.    **TRIAL COUNSEL**

       Plaintiff, Kenneth Maury:
       Peter B. Prestley (ct15799)
       Craig T. Dickinson (ct18053)
       Madsen, Prestley & Parenteau, LLC
       44 Capital Avenue, Suite 201
       Hartford, CT  06106
       (860) 246-2466
       fax (860) 246-1794

       Defendant, Computer Sciences Corporation:
       Albert Zakarian (ct04201)
       Eric L. Sussman (ct19723)
       Day, Berry & Howard, LLP
       CityPlace I
       185 Asylum Street
       Hartford, CT 06103-3499
       (860) 275-0100
       fax (860) 275-0343

2.    **JURISDICTION**:

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties.

3.    **JURY/NON-JURY:**

The plaintiff's claims are being tried to a jury.  Defendant, however, maintains that plaintiff is not entitled to a trial by jury with respect to any claims for equitable relief.  Defendant also maintains that any issues regarding front pay or future damages of any kind are for the court, not the jury.

4.    **<u>NATURE OF THE CASE</u>**:

<u>Plaintiff's Statement</u>

[TO BE COMPLETED BY PLAINTIFF]


<u>Defendants' Statement</u>

Plaintiff worked for CSC for fourteen (14) months from August 2000 until his layoff on September 21, 2001.  His complaint alleges wrongful discharge and violation of Conn. Gen. Stat. § 31-51q.  On March 16, 2005 the Court granted defendant's Motion for Summary Judgment as to plaintiff's claim under Conn. Gen. Stat. § 31-51q.  In substance, plaintiff's surviving claim for wrongful discharge is that CSC selected him for layoff because he "refus[ed] to make illegal use of unlicensed computer software."  (Pl.'s Second Am. Compl., ¶ 51.)  Defendant denies plaintiff's claims and asserts that plaintiff's layoff resulted from a severe business downturn, and that the decision to lay him off was based on his poor interpersonal skills, as evidenced by customer complaints.


5.    **<u>STIPULATIONS OF FACT AND LAW:</u>**

1.    Plaintiff became a CSC employee on or about August 1, 2000.

2.    Throughout his employment with CSC, Plaintiff worked on-site at Carrier Corporation's ("Carrier's") Farmington, Connecticut facility.

3.    Plaintiff shared the duties of a "Site Coordinator" with one of his coworkers, Larry Thompson.

4.      One of Plaintiff's responsibilities was to ensure that proper software licenses were ordered for all CSC and Carrier employees in the Farmington, Connecticut facility.

5.      During the course of his employment, Plaintiff complained to his supervisor, Michael Bondi, about installation of allegedly unlicensed computer software by certain CSC and/or Carrier employees.

6.      Bondi instructed Plaintiff to order proper software licenses and to ensure compliance with applicable software licensing agreements.

7.      Bondi spoke to Plaintiff on several occasions regarding plaintiff's approach in dealing with customers.

8.      Plaintiff was laid off from CSC on September 21, 2001.

9.      Bondi selected plaintiff for layoff.


6.      **PLAINTIFF'S CONTENTIONS:**

[TO BE COMPLETED BY PLAINTIFF]


7.      **DEFENDANT'S CONTENTIONS:**

1.      Plaintiff's supervisor, Michael Bondi, repeatedly counseled and warned Plaintiff about his approach in dealing with customers and with his coworkers at CSC.

2.      On January 17, 2001, Bondi sent an e-mail to Plaintiff referencing "numerous complaints" he had received from Carrier employees concerning Plaintiff's "approach."

3.    Dyrinda Cole, an administrative assistant at Carrier, complained to Bondi that Plaintiff had interrogated her concerning certain software and made her feel "inferior."

4.    Janet Linden, another Carrier employee, complained to Bondi that Plaintiff's approach was "brash."

5.    Tim Fleming, Carrier's Director of Global Managed Services, voiced concerns to Bondi regarding interpersonal difficulties that several administrative assistants had with Plaintiff.

6.    Amy Carlough, Carrier's liaison to CSC, spoke to several Carrier employees who complained about Plaintiff's attitude.  Ms. Carlough also asked that Plaintiff be removed from the Carrier facility in Farmington.

7.    At least one senior executive at Carrier, Alan Machuga, expressly requested that Plaintiff's employment be terminated.

8.    Plaintiff also had interpersonal conflicts with his coworkers at CSC, including Larry Thompson and Jeremy Pollack.

9.    In 2000 and 2001, CSC experienced a significant downturn in business due to a decreased demand for some of its information technology services.

10.    As a result of the downturn in business, CSC took steps to reduce its costs, including reductions in travel and entertainment, use of consultants and contract labor, frozen internal capital expenditures and reductions in its workforce.

11.    CSC laid off Plaintiff because of his poor interpersonal skills and the inappropriate

manner in which he communicated with CSC employees and the employees of CSC's customer, Carrier.

8.    **LEGAL ISSUES:**

1.    Has the Plaintiff proven by a preponderance of the evidence that CSC laid him off because he refused to make illegal use of unlicensed computer software?

2.    Did the Plaintiff mitigate his damages?

3.    Does the after-acquired evidence doctrine limit the Plaintiff's damages?

9.    **VOIR DIRE QUESTIONS:**

1.    State your name and address.

2.    State your present occupation including the name of your employer and the nature of your duties.  If you are retired, please describe your last full-time job, including the name of your employer and the nature of your duties.

3.    In deciding this case, you must base your decision on the facts and law.  Will you be able to decide this case based on the facts and law?  Can you decide this case without regard to any sympathy you may feel for the Plaintiff?

4.      Are you married?  If so, please describe your spouse's employment, including the name of your spouse's employer and the nature of your spouse's duties.  If your spouse is deceased or if you are divorced, what was the occupation and who was the employer of your spouse?

5.      Please describe the highest level of education that you have received.

6.      In this lawsuit, Kenneth Maury is suing Computer Sciences Corporation ("CSC"). Are you familiar with this lawsuit?  If so, how did you become familiar with this lawsuit?

7.      Do you understand that just because the Plaintiff has filed a lawsuit does not mean that he is entitled to recover?

8.      The defendant in this case is CSC.  Have you or anyone in your family ever been employed by CSC, or any other entity affiliated with it?  If so, please explain.

9.      Have any of you or any member of your family ever had any connection with, employment with or any dealings with CSC?  If so, please describe the dealings or connection.

10.     Have you or anyone close to you ever filed a claim against or been involved in any type of litigation with CSC?  If so, please describe the lawsuit and its resolution.

11.     Do you know or are you or any member of your family related to any officer, director or employee of CSC?

12.     The plaintiff in this case is Kenneth Maury of Norwich, Connecticut.  Do you, or any member of your immediate family, know him or any members of his family?  Do you know anyone who knows Mr. Maury?  If so, please state how you or any members of your immediate

family know Mr. Maury, or a member of his family, and the nature of such relationship or association.

13.    Have you or anyone in your family ever been employed by United Technologies Corporation, Carrier Corporation, or any other subsidiaries of United Technologies?  If so, please explain.

14.    Have any of you or any member of your family ever had any connection or dealings with UTC, Carrier Corporation or any other subsidiaries of UTC?  If so, please describe the dealings or connection.

15.    Have you or anyone close to you ever filed a claim against or been involved in any type of litigation with UTC, Carrier Corporation, or any other subsidiaries of UTC?  If so, please describe the lawsuit and its resolution.

16.    Do you know or are you or any member of your family related to any officer, director or employee of UTC, Carrier Corporation or any other UTC subsidiary?

17.    Do you know any of the proposed witnesses in this case?  If so, how do you know the individuals?  Do you have any feelings about these individuals?  Do you have any feelings about these individuals that would prevent you from rendering a fair and impartial verdict?

18.    The Plaintiff in this case is represented by Attorneys Craig Dickinson and Peter Prestley of Madsen, Prestley & Parenteau in Hartford and New London, Connecticut.  Do you

know Mr. Dickinson or Mr. Prestley?  Do you know any other lawyers at Madsen, Prestley & Parenteau, such as Attorney William Madsen or Attorney James Parenteau?

19.     The Defendant in this case is represented by Albert Zakarian and Eric Sussman of the firm of Day, Berry & Howard in Hartford, Connecticut.  Do you know either of these lawyers or any lawyers at Day, Berry & Howard?

20.     Do you have any feeling or belief which would prevent you from rendering a verdict in favor of a corporation and against an individual if the evidence supported such a verdict?

21.     Have you or any member of your family been laid off or terminated from a job or been refused a job you believed you were qualified for?  If so, please explain.

22.     Have you, or has any member of your family or any person close to you, ever presented a claim or grievance against or sued their employer either in or out of court for any reason, including wrongful termination or discrimination?  If so, please explain.

23.     Have you or any member of your family ever been sued by anyone or been threatened with a lawsuit?  If so, please describe the lawsuit and/or the claim(s).

24.     Have you ever had any training in personnel, human resources or employment matters?  If so, what kind of training?

25.     Have you ever been employed in the personnel or human resource office of any company or organization?  If so, in what capacity?

26.     Have you ever owned or operated a business in which you employed other people?

27.     Have you or any member of your family had a job which required you to hire, fire, discipline or supervise employees?

28.     Have you or any member of your family had a job that required you to know about computer software licensing?  Please explain.

29.     Have you ever been a witness in a lawsuit?  If so, please describe the lawsuit and your role in it.

30.     Have you ever sat on a jury before?  If so, please describe whether the case was civil or criminal, in state or federal court and how the case turned out?

31.     Do you feel that the size of a company affects how fairly the employees are treated?  Please explain.

32.     Have you or anyone close to you been terminated or laid off from employment for reasons you or they believed to be improper?

33.     Do you know of any reason or has any occurred to you during this questioning, that might make you doubtful that you can be a completely fair and impartial juror in this case?  If there is, it is your duty to disclose the reason at this time.


10.     **LIST OF WITNESSES**:

Plaintiff's List of Witnesses

[TO BE COMPLETED BY PLAINTIFF]

<u>Defendant's List of Witnesses</u>

Defendant anticipates that it may call some or all of the witnesses listed below and some of the witnesses listed by the plaintiff. Defendant expressly reserves the right to amend this witness list to call additional witnesses, if necessary, to rebut testimony offered by plaintiff's witnesses.

1.    **Bonnie Avallone**—CSC employee. Ms. Avallone is expected to testify regarding her responsibilities in ensuring that other CSC employees knew what was required to be compliant with software licensing.


2.    **Amy Barr**—Carrier employee. Ms. Barr (formerly Amy Carlough) is expected to testify regarding her dealings with the plaintiff and regarding complaints she received concerning plaintiff's interactions with and treatment of Carrier employees.


3.    **JoAnne Baxter**—CSC employee. Ms. Baxter is a former Service Delivery Coordinator for CSC. She is expected to testify about CSC's procedures for ordering and installing software. Ms. Baxter is also expected to testify about interpersonal conflicts plaintiff had with other CSC employees.


4.    **Carl Bishopric**—CSC employee. Mr. Bishopric is expected to testify about CSC's human resources policies and procedures, as well as the circumstances surrounding the layoffs at CSC in and around September 2001.

5.     **Michael Bondi**—CSC employee.  Mr. Bondi was plaintiff's supervisor and will testify about plaintiff's performance and about problems with plaintiff's interpersonal approach in dealing with coworkers and clients.

6.     **Tim Fleming**—Carrier employee.  Mr. Fleming is expected to testify regarding his interactions with the plaintiff.

7.     **Carl Gann**—Defendant's vocational expert.  Mr. Gann is an expert witness retained by the defendant.  He will testify about his expert opinion regarding a reasonable timeframe within which the plaintiff should have found alternate employment following his layoff from CSC.

8.     **John Hay**—CSC employee.  Mr. Hay is expected to testify about his involvement in the decision to lay off the plaintiff.

9.     **Henning Kerger**—CSC employee.  Mr. Kerger is expected to testify about his involvement in the decision to lay off the plaintiff and about the economic downturn that CSC experienced in and around 2001.

10.  **Michael Keywan**—CSC employee.  Mr. Keywan is expected to testify regarding problems with plaintiff's performance and complaints he received from clients regarding the plaintiff.

11.  **Don Kutil**—CSC employee.  Mr. Kutil is expected to testify about his interactions with the plaintiff and about events surrounding an August 2001 e-mail he received from the plaintiff.

12.  **Anne McKenna**—former CSC employee.  Ms. McKenna is expected to testify about her involvement in the decision to lay off the plaintiff.

13.  **Alan Machuga**—Carrier employee.  Mr. Machuga is expected to testify regarding his interactions with the plaintiff.

14.  **Jeremy Pollack**—former CSC employee.  Mr. Pollack is expected to testify regarding his interactions with the plaintiff.

15.  **Jim Swiatek**—CSC employee.  Mr. Swiatek is expected to testify regarding plaintiff's complaints about allegedly unlicensed computer software.

16.    **Richard Taylor**—CSC employee.  Mr. Taylor is expected to testify about CSC's human resources policies and procedures, as well as the circumstances surrounding the layoffs at CSC in and around September 2001.

17.    **Larry Thompson**—CSC employee.  Mr. Thompson is expected to testify regarding his interactions with the plaintiff.  Mr. Thompson is also expected to testify about the process by which he installed software on CSC computers.

18.    **CSC Benefits Representative**—This individual, as yet unidentified, may be called to testify, if necessary, regarding CSC's benefits package and about how those benefits would have applied to plaintiff had he remained a CSC employee.

19.    **Records Custodian**—This individual, as yet unidentified, may be called to testify, if necessary, regarding authenticity of defendant's records.

11.    **EXHIBITS**:

Plaintiff's List of Exhibits:

[TO BE COMPLETED BY PLAINTIFF]

Defendant's List of Exhibits:

Defendant expressly reserves the right to amend this list up to the time of trial and to use any of the exhibits on plaintiff's list of exhibits.  Defendant further reserves the right to use charts or enlargements during the course of the trial as needed, and rebuttal exhibits if necessary:

1.     Site Coordinator Roles and Responsibilities (CSC0001-0003)

2.     CSC Employee Handbook (CSC0004-0177)

3.     E-mail from K. Emory of 7/26/00 re: Ken Maury start date of 7/31/00 (CSC0179)

4.     E-mail from K. Emory to L. Whiting of 7/25/00 re: new hires from Inacom (CSC0180)

5.     Ken Maury Hire Letter of 7/13/00 (CSC0181)

6.     Candidate Offer Sheet for K. Maury (CSC0182)

7.     Request to Extend Offer for K. Maury (CSC0183-0184)

8.     Requisition Request of 6/28/00 (CSC0185-0187)

9.     Authorization for Release of Personal Data Record Information of 6/27/00 (CSC0188)

10.     Application for Employment—Ken Maury (CSC0189-0193)

11.     Resume of Ken Maury (CSC0194-195)

12.     Acceptance of Employment Offer of 7/17/00 (CSC0196)

13.     ChoicePoint Employment Report on K. Maury (CSC0197-0201)

14.     7/13/00 Acceptance of Employment Offer by K. Maury (CSC0202)

15.     E-mail from M. Bondi to K. Maury of 1/17/01 re: "Your Approach," with Bondi handwritten notes (CSC0203)

16.     Handwritten Notes of M. Bondi of 1/9/01 (CSC0204)

17.     Performance Appraisal of 2/15/01 with manager approval (CSC0205-0211)

18.     Performance Appraisal of 2/15/01 with Maury signature (CSC0212-0219)

19.     E-mail from M. Bondi to K. Maury of 1/17/01 re: "Your Approach" (CSC0220)

20.     Separation Clearance Checklist of 9/21/01 (CSC0221)

21.     Certificate of Receipt of Employee Handbook, 7/31/00 (CSC0230)

22.     Agreement re: Assignment of Inventions and Covenant Against Disclosure (CSC0231-0232)

23.     Acknowledgement of Attendance at Ethics Training Program (CSC0233)

24.     Change Request Form re: Maury's Layoff (CSC0235-0236)

25.     Layoff Letter from G. Siekierka to K. Maury of 9/21/01 (CSC0240)

26.     E-mails string of 10/26/00 and 2/28/01 between K. Maury, M. Bondi and L. Thompson re: Installation of Software (CSC0241-0242)

27.     E-mail from K. Maury to D. Kutil of 8/14/01 re: CED Move Project (CSC0245-0247)

28.     CSC Organizational Chart—Carrier Remote Sites, 5/8/00 (CSC0248)

-16-

29.     E-mail from M. Bondi to K. Sylvain, R. Torske and L. Thompson of 8/1/00 re: Favors (CSC0261)

30.     E-mail from N. Wilkinson to CSC's UTC Account Employees of 11/16/01 (CSC0265-0267)

31.     E-mail from R. Taylor to CSC's UTC Account Employees of 9/21/01 (CSC0268-0269)

32.     E-mail string of 5/25/01-5/29/01 involving Loucks, Fleming, Maury and Bondi re: SR0041682 (CSC0270-0271)

33.     E-mail string of 8/1/01 and 8/6/01 re: CED Move Project (CSC0274-0276)

34.     E-mail from M. Bondi to Carrier Remote Sites of 8/29/01 re: Guidelines (CSC0277-0278)

35.     E-mail string of 9/6/01 between M. Keywan, J. Mullen and J. Hay re: Ken Maury (CSC0288-0290)

36.     Excerpts from CSC's HRMP Manual, Section 213 (CSC0291-0299)

37.     Employment Record of Kenneth Maury

38.     10/17/01 Notice from Dept. of Labor to K. Maury

39.     Monetary Determination of Unemployment Compensation Benefits of K. Maury

40.     Monetary Determination of Temporary Extended Unemployment Compensation Benefits of K. Maury

41.     10/16/01 Fact Finding Report of K. Maury

42.     K. Maury 1999 Income Tax Return

43.     K. Maury 2000 Income Tax Return

44.     K. Maury 2001 Income Tax Return

45.     K. Maury 2002 Income Tax Return

46.     K. Maury 2003 Income Tax Return

47.     K. Maury 2004 Income Tax Return

48.     Excerpts from Deposition of Kenneth Maury (impeachment purposes)

49.     In addition to the foregoing, defendant may also use demonstrative exhibits during the course of the trial, including but not limited to summaries and charts that synthesize facts presented during the course of the trial.


12.     **DEPOSITION TESTIMONY**:

No witnesses are expected to testify by deposition at trial.


13.     **REQUESTS FOR JURY INSTRUCTIONS:**  <u>See</u> Exhibit A, attached.


14.     **ANTICIPATED EVIDENTIARY PROBLEMS**:  Defendant intends to file a Motion in Limine to preclude the testimony of plaintiff's expert, Dr. Gary Crakes.


-18-

15.    **TRIAL TIME:**

The parties estimate that this trial will take 6-7 days.

16.    **FURTHER PROCEEDINGS**:

Defendant asserts that some issues in this case are not triable to a jury.  Specifically, defendant maintains that plaintiff is not entitled to a trial by jury with respect to any claims for equitable relief.  Defendant also maintains that any issues regarding front pay or future damages of any kind are for the court, not the jury.  It will be necessary for the Court to resolve these issues before trial.

17.    **ELECTION FOR TRIAL BY MAGISTRATE**:

The parties request a trial before a United States District Court Judge.

<div style="margin-left:40%">

THE DEFENDANT,
COMPUTER SCIENCES
CORPORATION,


By:_____
        Albert Zakarian (ct04201)
        Eric L. Sussman (ct19723)
For:    Day, Berry & Howard LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        (860) 275-0100
        Its Attorneys

</div>

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent this date, via facsimile and overnight mail, to:

     Peter B. Prestley, Esq.
     Craig Dickinson, Esq.
     Madsen, Prestley & Parenteau, LLC
     44 Capital Avenue, Suite 201
     Hartford, CT  06106

                          _____
                          Eric L. Sussman