**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KENNETH MAURY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:02-CV-1492 (PCD) |
| | : | |
| COMPUTER SCIENCES CORPORATION, | : | |
| | : | |
| Defendant. | : | NOVEMBER 21, 2005 |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendant, Computer Sciences Corporation ("CSC"), respectfully submits the following proposed jury instructions. Defendant expressly reserves the right to further modify, supplement and/or amend its proposed instructions.

**PROPOSED JURY INSTRUCTION NO. 1**

**FUNCTION OF COURT AND JURY**

Ladies and gentlemen of the jury, the presentation of the evidence and the arguments of the attorneys have been completed.  It is now my duty to instruct you on the law which applies to this case, and which shall govern your deliberations in the jury room after I am finished with these instructions.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source:        3A Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, <u>Federal Jury Practice & Instructions</u>, § 71.01 (1987 & Supp. 2000).

**PROPOSED JURY INSTRUCTION NO. 2**

**FILING OF LAWSUIT, BURDEN OF PROOF**

The Plaintiff, Kenneth Maury, who I will refer to as "Mr. Maury" or "the Plaintiff," claims that the Defendant, Computer Sciences Corporation, who I will refer to as "CSC" or "the Defendant," wrongfully terminated his employment in violation of public policy. CSC denies his allegation and contends that it terminated Mr. Maury's employment as part of a legitimate reduction in force, not on account of his alleged refusal to engage in illegal conduct on behalf of CSC.

Ladies and gentlemen, I must remind you that the mere filing of a lawsuit containing allegations or claims against another person is proof of nothing. And you must not draw any inference from the fact that a lawsuit was filed. To decide whether a case has been proved in accordance with all of the requirements of law on which I will instruct you, you must look to the evidence, for it is from the evidence that you must determine whether Mr. Maury has or has not proved his case. Your verdict must be based absolutely and solely upon the evidence presented to you during the trial of this case.

## PROPOSED JURY INSTRUCTION NO. 3

## CONSIDERATION OF THE EVIDENCE

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The evidence from which you are to decide the facts comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

You may only consider the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.  Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Statements and arguments of counsel are not evidence in the case.  Moreover, any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Source:        Devitt & Blackmar, §§ 71.08, 72.04 (1987).

**PROPOSED JURY INSTRUCTION NO. 4**

**CORPORATE DEFENDANT**

In this case, the Defendant, CSC, is a corporation. This fact must not influence your decision in this case. In the eyes of the law, a corporation is a person and is entitled to the same fair trial at your hands as an individual. Considerations of the size of the Company or its financial position have no place in this trial. This case is not to be decided on the basis of relative size or wealth. All parties stand equal under the law and are to be dealt with as equals in a court of justice.

Source:        Devitt & Blackmar, §§ 71.01, 71.04 (1998).

**PROPOSED JURY INSTRUCTION NO. 5**

**SYMPATHY**

In deciding the facts of this case, you must perform your duties as jurors without bias or prejudice as to any party.  Your verdict may not be based on any element of sympathy.  For instance, you cannot find for Mr. Maury simply because of some general feeling that CSC should have treated him differently.  The question for you is not whether Mr. Maury, in your view, was treated fairly or unfairly, well or badly, but whether he has proved all of the elements of his legal claims, as I will outline those claims to you, by a fair preponderance of the evidence.

Source:      <u>Parcinski v. Outlet Co.</u>, 673 F.2d 34 (2d Cir. 1982).

**PROPOSED JURY INSTRUCTION NO. 6**

**PREPONDERANCE OF THE EVIDENCE**

As a general matter, in civil actions such as this, Mr. Maury bears the burden of proof on each essential element of his claim by a "preponderance of the evidence."

To prove by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.  This is not necessarily determined by the greater number of witnesses produced by a party but it means that the evidence on behalf of the party on whom the burden rests must have greater weight in your judgment, that is, greater probative value.

It might be helpful to visualize a pair of scales in equal balance.  Imagine that you can put the Plaintiff's evidence on one side of the scale and the Defendant's on the other.  If the scales tip in favor of the Plaintiff, his evidence preponderates, and he has sustained his burden of proof.  If the scales tip the other way, in favor of the Defendant, then obviously the Plaintiff has not sustained his burden of proof.  Should you feel that the scales are evenly balanced, that neither sides' evidence outweighs the other, then the Plaintiff has failed to meet the burden of proving his case by a preponderance of the evidence.

Source:        Devitt & Blackmar § 72.01; <u>Roger Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 141 (2000); <u>Newman v. GHS Osteopathic, Inc.</u>, 60 F.3d 153, 158 (3d Cir. 1995); <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 610 (1993); <u>Kirchner v. Office of the Comptroller</u>, 973 F.2d 88, 91 n.2 (2d Cir. 1992);  <u>Hagelthorn v. Kennecott Corp.</u>, 710 F.2d 76, 86 (2d Cir. 1983); <u>Geller v. Markham</u>, 635 F.2d 1027, 1035 (2d Cir. 1980); <u>Loeb v. Textron, Inc.</u>, 600 F.2d 1003, 1019-20 (1st Cir. 1979).

**PROPOSED JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In fulfilling your duty as finders of fact, you as jurors are the sole judges of the credibility of the witnesses and the weight, if any, their testimony deserves.  This is also true as to the veracity and weight of the other evidence including exhibits.  There is no magic formula by which one may evaluate testimony.  You bring with you to this courtroom all the experience and background of your daily lives.  In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others.  The same tests that you use in your everyday dealings are the tests which you should apply in your deliberations here.  You may consider the demeanor of the witness on the stand and any interest he or she may have in the outcome of the case.  You may also consider any bias or prejudice for or against any party; the witness's opportunity to observe; any reason for the witness to remember or forget; the inherent probability of his or her own story; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible evidence.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief.  Consider each witness's intelligence, motive, state of mind, and demeanor while on the stand.  Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

11

Source:        3A Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, <u>Federal Jury Practice & Instructions</u>, (1987 & Supp. 2000).

**PROPOSED JURY INSTRUCTION NO. 8**

**FALSUS IN UNO**

You may also bear in mind that if you should find that any witness has deliberately testified falsely on any material point, you may take that into consideration in determining whether that witness has testified falsely on other points.  Simply because you find that a witness has not testified accurately with respect to one fact, it does not necessarily follow that the witness is wrong on every other point.  A witness may be honestly mistaken on one point of testimony yet entirely accurate on others.  But if you find that a witness has deliberately lied on any material point, it is only natural that you should be suspicious of the testimony of that witness on all points.  Under those circumstances, you are entitled, if you deem it appropriate, to disbelieve the entire testimony of that witness.  Whether you disbelieve it or not lies in your sound judgment and sole prerogative.

Source:        3A Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, Federal Jury Practice & Instructions, (1987 & Supp. 2000); BLACK'S LAW DICTIONARY 603 (6th ed. 1990).

## PROPOSED JURY INSTRUCTION NO. 9

## EXPERT TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  Ordinarily, a witness cannot give an opinion about anything but is limited to testimony as to facts and that witness's personal knowledge.  An exception to this rule exists as to those whom we call "expert witnesses."  Witnesses who, by education, training, and experience, have become expert in some field may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each opinion of each expert whether in testimony or in a report received in evidence in this case, and give it such weight, if any, as you may think it deserves.  The fact that these witnesses may qualify as experts does not mean that you have to accept their opinions.  You can accept them or reject them in making your decisions.  If you should conclude that the reasons given in support of an opinion are not sound or not believable, you may disregard it.  You may consider an expert's education, training and experience in that particular field in deciding whether to give weight to an expert's opinion.  You should also consider the information available to the expert including the facts the expert has, documents or other available evidence the expert has, the expert's opportunity and availability to examine those things, the expert's ability to recollect the bases of an opinion, and the expert's ability to accurately describe to you the fact, activity, and bases for the opinion.  You should consider whether the opinions stated by the expert have a rational and reasonable basis in evidence.  If

14

you feel that an opinion is outweighed by other evidence, you may disregard it.  Finally, if the

opinion is based on facts that you do not find proven, you should disregard it.  Based on all of

these things together with your general observation and assessment of the witness it is up to you

to decide whether or not to accept the opinion of the expert.  You may believe all, some, or none

of an expert's testimony.

      In other words, an expert's testimony is subject to your review just as any other witness.

In resolving any conflict that may exist between the testimony of two different expert witnesses,

you should weigh the opinion of one expert against the other.  In doing so, you should consider

the relative qualifications, experience and credibility of the expert witness, as well as the reasons

for each opinion and the facts on which the opinions are based.


Source:    Hally v. Hospital of St. Raphael, 162 Conn. 352, 358, 294 A.2d 305 (1972); Daley v. Wesleyan, Docket No. 77380, J.D. of Middletown at Middletown, July 16, 1998, Transcript of Jury Instructions, at 117-21 (Mullarkey, J.);  3 Edward J. Devitt, et al., Federal Jury Practice & Instructions: (Civil) § 72.08 (4th ed. 1987); 1 Douglass B. Wright & William Ankerman, Connecticut Jury Instructions § 326, at 523-24 (4th ed. 1993).

**PROPOSED JURY INSTRUCTION NO. 10**

**AT-WILL EMPLOYMENT**

An employee who is not hired pursuant to an employment contract, or who is hired for an indefinite duration, ordinarily is considered to be an employee "at will." Generally, at-will employees may quit or be fired at any time, with or without notice, and for any reason or no reason at all. Ordinarily, courts do not interfere with the discretion of management to terminate at-will employees. This is what is referred to as the "employment at-will rule."

Source:      Siegel, O'Connor, Zangari, O'Donnell & Beck P.C., <u>Connecticut Labor & Employment Law</u> (3d ed. 2004); <u>Torosyan v. Boehringer-Ingelheim Pharms., Inc.</u>, 234 Conn. 1, 15 (1995); <u>Morris v. Hartford Courant Co.</u>, 200 Conn. 676, 679 (1986); <u>Magnan v. Anaconda Indus. Inc.</u>, 193 Conn. 558 (1984).

**PROPOSED JURY INSTRUCTION NO. 11**

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

One exception to the "employment at-will rule" is that an employer may not discharge an employee where the discharge would violate an important public policy.  This is known as wrongful discharge, and it is the claim that Mr. Maury is making in this lawsuit.  To recover under this theory, the plaintiff must prove a demonstrably improper reason for his dismissal.  Further, the impropriety of that reason must be derived from some important violation of a recognized public policy found in express statutory or constitutional provisions or in judicially-conceived notions of public policy.  In other words, the law forbids the discharge of an employee for exercising a right conferred upon him by law or for complying with some legal requirement or for a reason which would be significantly injurious to the public or against the public good.  For example, the courts have recognized this right where an employer has fired an employee for performing jury service, filing a worker's compensation claim, and refusing to commit perjury.

Here, Mr. Maury claims that, when CSC laid him off, it did so in violation of a public policy contained in federal copyright laws.  Specifically, he claims that CSC laid him off because he refused to make illegal use of unlicensed computer software.  CSC claims that it laid Mr. Maury off because of interpersonal conflicts that he had with CSC and Carrier employees.

To find in favor of Mr. Maury, you must find that CSC laid him off because he refused to make illegal use of unlicensed computer software.  To reach a verdict, you need not decide whether Mr. Maury's complaints about other people's software installations had merit.  Indeed,

17

even if his complaints had merit, Mr. Maury can only recover if he proves that CSC laid him off

because he refused to make illegal use of unlicensed computer software.  If you find that Mr.

Maury has not so proven, then you must enter a verdict in favor of CSC.


Source:        Hutton v. Kimberly-Clark Corp., 19 CLT 19 (D. Conn. 1983); Carbone v. Atl.
               Richfield Co., 204 Conn. 460, 466-71 (1987); Morris v. Hartford Courant Co.,
               200 Conn. 676, 679 (1986); Magnan v. Anaconda Indus., Inc., 193 Conn. 558,
               575 (1984); Sheets v. Teddy's Frosted Foods Inc., 179 Conn. 471 (1980); Girgenti
               v. Cali-Con, Inc., 15 Conn. App. 130, 137 (Conn. App. Ct. 1988); Battista v.
               United Illuminating Co., 10 Conn. App. 486, 495-98 (Conn. App. Ct. 1987).

## PROPOSED JURY INSTRUCTION NO. 12

## BUSINESS JUDGMENT RULE

Just as your verdict must not be premised on sympathy, you must also not substitute your judgment for CSC's judgment. Under the law, an employer is entitled to make decisions regarding its work force, such as the decision to lay off employees, and its operation, such as the sale of a product line. The wisdom, correctness, and justification for such decisions is not subject to your review. Moreover, the law does not impose any obligation on employers to find or create another position for an employee who has been laid off or whose product line has been sold. Instead, your concern here is whether the plaintiff has satisfied his burden of proof on his claims.

Simply put, it is not your role to decide whether CSC treated Mr. Maury fairly or unfairly. Likewise, you cannot find for the plaintiff simply because you feel sorry for him. You may not find for him because of some general feeling that he deserved to be treated differently by his employer. Your decision in this case cannot be influenced by whether you personally agree or disagree with the employment decision made by CSC with respect to Mr. Maury or whether you believe that the plaintiff was treated fairly. An employer has the right to take those steps it feels are necessary to run its business, so long as it makes these decisions without violating the law as I instruct you on it.

19

Source:     Dister v. Cont. Group, Inc., 859 F.2d 1108 (2d Cir. 1988);  Vandel v. Standard Motor Prods., Inc., 52 F.Supp.2d 344 (D. Conn. 1999), aff'd, 1999 U.S. App. LEXIS 34237 (2d Cir. 1999);  Grasefenhain v. Pabst Brewing Co., 827 F.2d 13, 20 (7th Cir. 1987); Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir. 1985); Byrum v. Pratt & Whitney, No. CV 92 0466509 S, Trial Transcript (Holtzberg, J.)

**PROPOSED JURY INSTRUCTION NO. 13**

**PROXIMATE CAUSATION**

It is the Plaintiff's burden to prove that the Defendant's actions were a proximate cause of his injury or damage.  Proximate cause means that the Defendant's act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

In your determination of the damages, if any, to be awarded to Mr. Maury, you must first determine that there is a causal connection between the actions of defendant CSC and the injury or damage to Mr. Maury that you find.

Source:      Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases), 15.2 (1991).

**PROPOSED JURY INSTRUCTION NO. 14**

**WEIGHT OF THE EVIDENCE—PLAINTIFF'S PERCEPTION OF HIMSELF**

Mr. Maury's own perception and judgment as to the value of his past experience and his job performance should carry little weight in your deliberations. It is the perception and judgment of the people who made the decisions relating to his employment and termination, and not that of Mr. Maury himself, that are most relevant. The most probative evidence of an employee's qualifications comes from the employer's decision-makers, including the employee's direct supervisor. An employee's perception of himself, including his perception of his own workplace performance, past experience and skills, is entitled to little weight unless it is corroborated by other evidence.

Source:     3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions Civil § 104.01 (5th ed. 2000); Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993); Kirschner v. Office of Comptroller, 973 F.2d 88, 92 n.2 (2d Cir. 1992); Hagelthorn v. Kennecott Corp., 710 F.2d 76, 86 (2d Cir. 1983); Geller v. Markham, 635 F.2d 1027, 1035 (2d Cir. 1980).

**PROPOSED JURY INSTRUCTION NO. 15**

**DAMAGES**

1.      There is only one trial in this case and you, the jury, will have to decide, based on the facts and on the rules of law on which I am instructing you, first, whether the Defendant is liable, and if so, second, the amount of the damages Plaintiff has proved, if any.

Since CSC must address damages or lose its opportunity to do so, none of the evidence or discussion relating to damages presented on CSC's behalf should be taken or construed by the jury as an admission by CSC that it is liable or that Plaintiff is entitled to damages. Quite the contrary, as has been made clear before you, CSC has denied Mr. Maury's allegations just as vigorously as Mr. Maury has pressed his claims.

Moreover, the fact that I am instructing you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find in favor of Plaintiff in accordance with the other instructions that I have given you.

It is for you to decide, on the evidence presented and the rules of law I have given you, whether Mr. Maury has proved, by a fair preponderance of the evidence, that he is entitled to recover from CSC. If you decide that Mr. Maury is not entitled to recover, your verdict will be for CSC and you need not go further. Only if you decide that Mr. Maury's rights have been violated by the intentional acts of CSC, will you then consider the measure of damages. In other

words, if you find that Mr. Maury has failed to prove any one of the elements of proof which are

essential to his claim by a preponderance of the evidence, then your verdict must be against Mr.

Maury and in favor of CSC on this claim.  It is the Plaintiff's burden to prove that he actually

suffered damages and that such damages were directly caused by the CSC.  It is the Plaintiff's

burden to prove the amount of such damages by a preponderance of the credible evidence.


Source:        Devitt & Blackmar § 74.02; Mempher Cmty. Sch. Dist. v. Stachura, 477 U.S. 299
               (1986); Carey v. Piphus, 435 U.S. 247, 264-65 (1978); Kirsch v. Fleet St., Ltd.,
               148 F3d 149, 166 (2d Cir. 1998); Protos v. Volkswagen of Am., Inc., 797 F.2d
               129, 137-39 (3d Cir. 1986); Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1562-
               63 (llth Cir. 1986); Wells v. Meyer's Bakery, 561 F.2d 1268, 1272-73 (8th Cir.
               1977).

2.   The law places a burden upon Mr. Maury to prove facts that will enable you to arrive at the amount of damages with reasonable certainty.  While it is not necessary that Mr. Maury prove the amount of those damages with mathematical precision, he is required to present such evidence as might reasonably be expected to be available under the circumstances.

Source:        Devitt & Blackmar § 86.07.

3.   The purpose of compensatory damages is to make Mr. Maury whole—that is, to compensate him for the damage that he has actually suffered.  You can award compensatory damages only for injuries that Mr. Maury proves were the proximate result of CSC's alleged wrongful conduct.  Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize CSC.  You should not award compensatory damages for speculative injuries, but only for those injuries which Mr. Maury has proved he actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

Source:       Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases), 15.2 (1991).

4.  One element of damages that an unlawfully terminated employee may be entitled to receive is called back pay.  Calculating back pay begins with determining the amount the plaintiff would have earned from CSC if he had not been terminated, from the date of his termination up to the date of this trial.  Then, you must subtract from that figure all earnings actually received by the plaintiff from other employment after his termination and all amounts the plaintiff could have earned if he had reasonably tried to find other employment.  The reason for this is that the plaintiff has a legal obligation to try to find other employment or otherwise to mitigate or minimize his damages.  A plaintiff may not simply sit back during his unemployment and wait to collect damages from the defendant.  You should decide, based on the evidence presented, whether Mr. Maury made reasonable efforts to find other employment.  If you determine that the plaintiff has not tried to find other employment or has not used enough effort to find other comparable employment, then you must reduce the amount of any back pay because of his failure to meet his legal obligation.


Source:        American Bar Association, <u>Model Jury Instructions – Employment Litigation</u>
               345-46 (2d ed. 2005).

5.  Another element of damages you may consider are punitive damages.  Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights.  Therefore, if you find that a cognizable public policy exists that CSC has violated with reckless indifference to Mr. Maury's rights or intentionally and wantonly in violation of Mr. Maury's rights, you may award punitive damages.

The primary purpose of punitive damages in Connecticut is to compensate the plaintiff for his litigation expenses.  They are limited, therefore, to an amount which will serve to compensate Mr. Maury to the extent of his expenses of litigation less taxable costs.

Source:      Gilmore v. Bergin, No. 3:95CV01838(DFM), 1998 U.S. Dist. LEXIS 22918, at *31-33 (D. Conn. Sept. 22, 1998); Berry v. Louiseau, 223 Conn. 786, 827 (1992); Kenny v. Civil Serv. Comm'n, 197 Conn. 270, 277 (1985); Lagrow v. Protective Alarms, Inc., No. 33 67 03, 1993 Conn. Super. LEXIS 1465, at *9 (Conn. Super. Ct. June 3, 1993); 1 Douglass B. Wright & William Ankerman, Connecticut Jury Instructions § 256, at 481(4th ed. 1993).

**PROPOSED JURY INSTRUCTION NO. 16**

**AFTER-ACQUIRED EVIDENCE**

The after-acquired evidence doctrine limits damages when an employer discovers evidence of prior employee misconduct after the employee's discharge, if that misconduct is of such severity that the employee would have been terminated on those grounds alone if the employer had known of it at the time of the discharge. After-acquired evidence of wrongdoing precludes a plaintiff from seeking reinstatement or front pay, and limits the range of back pay available to that which would have accrued between the date of the employee's discharge and the date the after-acquired evidence was discovered.

Therefore, if you find that CSC has provided after-acquired evidence of Mr. Maury's misconduct, and that had CSC known of the misconduct, it would have terminated his employment, you may only award back pay, if at all, accrued between the date of Mr. Maury's discharge and the date CSC discovered his misconduct.

Source:     10 Ellicott Square Court Corp. v. Nat'l Labor Relations Bd., No. 96-4025(L), 96-4047, 1996 U.S. App. LEXIS 29457, at *8 (2d Cir. 1996); Blake-McIntosh v. Cadbury Beverages, Inc., No. 3:96-CV-2554(EBB), 1999 U.S. Dist. LEXIS 16550, at *51-52 (D. Conn. 1999); Preston v. Phelps Dodge Copper Prods. Co., 35 Conn. App. 850, 858 (Conn. App. Ct. 1994).

## PROPOSED JURY INSTRUCTION NO. 17

## MITIGATION OF DAMAGES

Even if you find that Mr. Maury was injured by an act of CSC, Mr. Maury was obligated to use reasonable care to minimize the resulting losses and damages caused thereby. An employee who believes he has been wrongfully dismissed has a duty to make every reasonable effort to find and accept other employment. Mr. Maury has a duty to mitigate his lost wages by seeking *comparable* employment elsewhere. If you find that CSC has proved by a preponderance of the evidence that Mr. Maury could have sought comparable employment and did not, then he deserves no lost wages at all.

Source:      Devitt & Blackmar § 106.08; Broadnax v. City of New Haven, 415 F.3d 265 (2d Cir. 2005); Raimondo v. AMAX, Inc., 843 F. Supp. 806, 808-09 (D. Conn.), aff'd, 48 F.3d 1214 (2d Cir. 1994); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53-54 (2d Cir. 1998); Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 624 (6th Cir. 1983); Carter v. Bartek, 142 Conn. 448, 451-52, 114 A.2d 923 (1955); Morro v. Brockett, 109 Conn. 87, 92, 145 A. 659 (1929).

Similarly, if you find that Mr. Maury reasonably attempted to mitigate his damages for a time but then unreasonably failed to do so during another time period, his actions may serve to reduce his recovery, if any. It was Mr. Maury's duty to earn what he could from the time he was no longer working for CSC. So, if you should find from a preponderance of the evidence that Mr. Maury failed to seek out and take advantage of employment that was reasonably available to him under all the circumstances, as shown by the evidence, then you should reduce the amount of his damages by the amount he could have reasonably realized if he had taken advantage of such an opportunity. Similarly, if you find Mr. Maury refused employment or any interim jobs, then you must reduce the back pay awarded by the amount he could have earned had he not refused such subsequent employment. You must not compensate Mr. Maury for any portion of his damages which resulted from his failure to use ordinary care to minimize his damages and to seek other employment.

Source:      42 U.S.C. § 2000e-5(g); Devitt & Blackmar §§ 1.06.07; 8 Am. Jur. Pleading &
             Practice Forms, Damages, Form 335 (Rev. ed. 1982); Broadnax v. City of New
             Haven, 415 F.3d 265 (2d Cir. 2005); Greenway v. Buffalo Hilton Hotel, 143 F.3d
             47, 53-54 (2d Cir. 1998); Higgins v. Lawrence, 107 Mich. App. 178, 181, 309
             N.W.2d 194, 195-96 (1981); Taylor v. Safeway Stores, Inc., 524 F.2d 263, 268
             (10th Cir. 1975).

Respectfully Submitted,

DEFENDANT,
COMPUTER SCIENCES CORPORATION

By:_____
     Albert Zakarian (ct04201)
     Eric L. Sussman (ct19723)
     Day, Berry & Howard LLP
     CityPlace I
     Hartford, CT 06103-3499
     (860) 275-0100 (telephone)
     (860) 275-0343 (facsimile)
     Its Attorneys